## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | Eula Thomas | ) | Case No.: 16-51271 |
| | | ) | **Chapter 13** |
| | | ) | |
| | | ) | **Judge Charles M. Caldwell** |
| | **Debtor** | ) | |

### OBJECTION OF TELHIO CREDIT UNION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN WITH RESPECT TO THE 2006 NISSAN MAXIMA DOCKET #5

Now comes Telhio Credit Union, by and through undersigned counsel, and does hereby object to the confirmation of the Debtor's Chapter 13 Plan, Docket #5, as proposed herein, pursuant to Section 1324 of the Bankruptcy Code, for reason that said plan as proposed fails to adequately provide for Telhio Credit Union, a secured creditor, who possesses a Installment Loan Note and Security Agreement secured by Debtor's 2006 Nissan Maxima Vehicle Identification Number 1n4ba41e76c849711.  The Chapter 13 plan as currently proposed fails to:

1. Provide for sufficient adequate protection payments.
2. Provide for proper valuation and interest rate.

The Debtor has not provided for sufficient adequate protection payments. Pursuant to 11 U.S.C. §1325(a)(5)(B)(iii)(I), *property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and* (II), *the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan*.  The minimum adequate protection monthly payments and post petition monthly payments should be no less than $125.00 over a 60 month period. Since the Debtor's Chapter 13 plan does not provide for

sufficient adequate protection payments, and post-petition payments it is in violation of 11 U.S.C. §§ 361, 1325 and 1326.

With BAPCPA, Congress has enacted a "no leap-frogging" statute, 11 U.S.C. §1326, meaning that no class of creditor may be paid ahead of a subordinate class, and therefore the priority system for administrative expenses may not jump ahead of secured claims. Debtors plan is doing so by paying Debtor's attorney $488.00 per month until her remaining fee is paid in full.

Debtor has placed a value of $5,500.00 on Movant's collateral without evidence of such value along with an interest rate of 5.00%. Movant has claimed a value of $6,800.00 and attached a current NADA as evidence, Exhibit "A". Movant is also in the process of securing an appraisal of the collateral with prior approval from Debtor's counsel. Additionally, Movant should be entitled to receive an interest rate of 6.00% on its collateral.

WHEREFORE, Telhio Credit Union prays that this Court deny confirmation to the Debtor of her Chapter 13 Plan, as proposed, and further relief as this Court may deem just.

Respectfully Submitted,
/s/ Lindsey Hall
Lindsey Hall (0075152)
Keith D. Weiner & Associates
Attorneys for Telhio Credit Union
75 Public Square, 4th Floor
Cleveland, Ohio 44113
(216) 771-6500
bankruptcy@weinerlaw.com

CERTIFICATE OF SERVICE

      I, Lindsey Hall, hereby certify that the foregoing Objection to Confirmation of Eula Thomas was sent by regular U.S. Mail, postage prepaid, and via the Court's CM/ECF system this 29th day of March 2016 to the following:

Eula Thomas
7194 Rondeau Dr.
Reynoldsburg, Ohio 43068

    Court's Electric Mail Notice List served electronically through the court's ecf system at the email address registered with the court:

- Asst US Trustee (Col)    ustpregion09.cb.ecf@usdoj.gov
- Faye D. English    notices@ch13columbus.com
- Erin E. Schrader    erinschrader1@gmail.com, erinschradermyecf@gmail.com;estrapp@ohiolegalclinic.com;rauserlawcolumbus@yahoo.com;erinschrader2@gmail.com;jrauser@ohiolegalclinic.com;rauserlaw

                                     /s/ Lindsey Hall
                                     Lindsey Hall (0075152)